IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| EFFECTIVE EXPLORATION, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **MEMORANDUM  ORDER** |
| v. | ) | No. 1:15-mc-00014 |
| | ) | (Western District of Pennsylvania, |
| | ) | No. 2:14-cv-00845) |
| PENNSYLVANIA LAND HOLDINGS | ) | |
| COMPANY, LLC and COAL GAS | ) | |
| RECOVERY II LLC, | ) | |
| Defendants | ) | |
| | ) | |
| ALPHA NATURAL RESOURCES, | ) | |
| INC., | ) | |
| Movant | ) | |

This matter is before the court on the Motion To Quash Subpoenas, (Docket Item No. 1) ("Motion"), filed by nonparty Alpha Natural Resources, Inc., ("Alpha"). The Motion was heard before the undersigned on May 28, 2015. Based on the arguments and representations of counsel, and for the reasoning set forth below, the Motion is **GRANTED**, insofar as the subpoenas at issue are quashed as to the information requested in Paragraphs No. 14 of each.

The subpoenas at issue were issued by the United States District Court for the Western District of Pennsylvania at the request of Effective Exploration, LLC, ("Effective"). Effective has sued Pennsylvania Land Holdings Company, LLC, ("PLHC"), and Coal Gas Recovery II, LLC, ("CGRII") in the Western District of Pennsylvania alleging that they have infringed upon three patents it owns by the

1

drilling and operation of coalbed methane, ("CBM"), wells at two Pennsylvania longwall mines operated by Cumberland Resources, LP, ("Cumberland"), a subsidiary of Alpha. PLHC also is an indirect subsidiary of Alpha. Alpha, through various subsidiaries, also owns a 50 percent interest in CGRII.

The subpoenas at issue require Alpha to produce certain documents and a witness to give deposition testimony on certain topics pursuant to Federal Rules of Civil Procedure Rule 30(b)(6). The request at issue here is contained in Paragraph No. 14 of the subpoenas, and orders Alpha to produce: "The amount of revenue and profit earned from the sale of coal extracted from mines wherein degasification first occurred via any gas well operated by [PLHC] and/or [CGRII]."[1] The requests do not specify the entity from which it seeks this information. Since the subpoenas were served on Alpha, however, the court will assume that the requests seek this information regarding Alpha's revenue and profit. The requests also are not limited by a specific time period or even by a specific mine. At the hearing, Effective's counsel conceded that his client had not served similar subpoenas on Cumberland. Effective's counsel also agreed to accept the requested information regarding the coal mined at the location of the accused infringing wells.

A party in a civil matter is entitled to discover information that is relevant to a claim or defense in the matter. *See* FED. R. CIV. P. 26(b)(1) (2015). Relevance does not mean the information must be admissible at trial, but merely that the requested information is reasonably likely to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). Discovery is "broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390,

---

[1] The language quoted here is from the subpoena for the Rule 30(b)(6) deposition. The language contained in Paragraph No. 14 of the subpoena duces tecum is similar.

402 (4th Cir. 2003) (internal citations omitted). In *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992), the court concluded that the scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 was the same as the scope of a discovery request made upon a party to the action. *See also Smith v. United Salt Corp.*, 2009 WL 2929343, at *5, 107 Fair Empl. Prac. Cas. (BNA) 1112 (W.D. Va. 2009).

It is well-settled that district courts are allowed broad discretion in resolving discovery disputes. *See Carefirst*, 334 F.3d at 402. Rule 45 permits the district court where compliance is required to quash or modify a subpoena if it requires "disclosing a trade secret or other confidential … commercial information." FED. R. CIV. P. 45(d)(3)(B)(i) (2015). If the production requires disclosing a trade secret or other confidential commercial information, a court may allow the production, under specified conditions, if the serving party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship…." FED. R. CIV. P. 45(d)(3)(C)(i).

Alpha has objected to producing the information and documents requested by Effective on the basis that it is confidential business information and it is not relevant to any claim or defense raised in the underlying patent case. Alpha concedes that it is a publicly traded company with certain financial information publicly available. Nonetheless, Alpha asserts that the information requested by these subpoenas is not publicly available and, therefore, is confidential business information. Alpha also asserts that information regarding its profit or revenue earned from the sale of coal mined at the mine where the accused infringing wells are operating is not relevant on Effective's patent infringement claims.

3

Effective does not challenge Alpha's assertion that the information requested is confidential business information. Instead, Effective argues that the information requested is relevant in determining a "reasonable royalty" to be awarded to it pursuant to 35 U.S.C. § 284 for the use made of the invention by the infringer. Effective has provided evidence to the court that the alleged infringing use of its systems and methods for degasification of coal seams produces at least three economic benefits: (1) the ability to capture and sell gas; (2) the ability to more quickly, efficiently and safely access coal in the degasified areas for subsequent mining; and (3) the ability to qualify for, amass and monetize greenhouse gas credits. Alpha does not dispute that degasification of a coal seam prior to mining results in these benefits. Instead, Alpha argues that all methods of degasification result in these same benefits, and the mine at issue here used methods of degasification other than the methods that are alleged to infringe on Effective's patents. Alpha argues that the coal seam at issue would have been degasified before mining using some method. Alpha also argues that the price of coal, which is dependent on many different variables, is the dominant factor in any profits or revenues it earns from the sale of coal. Thus, Alpha argues, the amount of profit or revenue earned from the sale of this coal had little to do with the particular method used to degasify the seam before mining.

In support of its argument, Effective relies on 15 factors for determining a reasonable royalty set out by the court in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (modified on other grounds by 446 F.2d 295 (2nd Cir. 1971)). Among the factors a court may consider in determining a reasonable royalty for an infringing use are:

4

1.  The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use;

2.  The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions; and

3.  The portion of the realizable profit that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks or significant features or improvements added by the infringer.

*See Georgia-Pacific Corp.,* 318 F. Supp. at 1120. Based on the subsequent case law citing *Georgia-Pacific*, it appears that these factors are widely accepted by the courts.

The patents at issue here pertain to systems and methods for accessing and gathering CBM. The gathering of CBM contributes to the production of two products – methane and coal. Based on the factors set forth above, the profits and revenues earned by the sale of each product allegedly produced by the use of the infringed patents is relevant to the issue of damages. Therefore, I am persuaded that the information sought is relevant to a claim before the Pennsylvania court.

That finding, however, does not end the court's analysis. As stated above, Rule 45 allows the court to quash or modify a third-party subpoena where it seeks confidential commercial information, such as is the case here. Also as stated above, Rule 45 permits a court to order the production of such confidential commercial information, under specified conditions, if the serving party "shows a substantial need for the testimony or material that cannot be otherwise met without undue

5

hardship….." Effective has made no such showing here. Furthermore, such a showing likely would be difficult in light of Effective's concession to the court that it has made no attempt to gather this information from the producer of the coal from these mines.

For these reasons, the Motion is granted, and the subpoenas quashed to the extent stated above.

ENTERED: This 4th day of June, 2015.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE